**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JULIE MORRISON,

       Plaintiff,

v.                                                                    CASE NO.:

GRAY TELEVISION, INC., d/b/a ABC 7,
and MATTHEW STERLING,

       Defendants.

_____/

## DEFENDANT GRAY TELEVISION, INC.'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b), Defendant Gray Television, Inc. d/b/a ABC 7 ("Gray"), files this Notice to remove the above-styled action from the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

1.     <u>Plaintiff</u>:  Upon information and belief, Plaintiff Julie Morrison ("Plaintiff") is a resident of the State of Florida.  (Exhibit A, Declaration of Sharel Bend, ¶ 9).  Plaintiff worked at Gray from August 31, 2017, until February 16, 2018.  (Exhibit A, ¶ 6).

2.     <u>Removing Defendant</u>:[1]  Gray is a corporation that is incorporated in Delaware and organized under the laws of Georgia with its principal place of business in Atlanta, Georgia.  Gray conducts business in Sarasota County, Florida.  (Exhibit A, ¶¶ 3, 4).

---

[1] Defendant Matthew Sterling, a former employee of Gray, has not yet been served with process in this action.  Upon information and belief, Sterling resides in New Jersey.  (Exhibit A, ¶ 10).  Complete diversity therefore exists between all parties.

3.    Nature of the Action:  Plaintiff's Complaint, entitled *Julie Morrison v. Gray Television, Inc., d/b/a ABC 7 and Matthew Sterling*, Case No. 2019-CA-001462NC, was filed with the state court on May 6, 2019.  This civil action involves allegations against Gray of discrimination and harassment on the basis of sex, and retaliation in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq*. ("FCRA").  Plaintiff seeks damages against Gray for among other things, lost wages, reinstatement or front pay, compensatory damages, punitive damages, and attorney's fees.

4.    Amount in Controversy: Plaintiff seeks an unspecified amount of damages; however, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.  In determining the amount in controversy for purposes of establishing jurisdiction, this Court may consider Plaintiff's claimed damages under the FCRA, including back pay, front pay, compensatory damages, punitive damages, and reasonable attorney's fees.  *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

As described below, and though Gray denies that Plaintiff is entitled to any relief, Plaintiff's estimated back pay, front pay, and compensatory damages together amount to between $140,246.21 and $165,246.21 (without taking into consideration punitive damages, and reasonable attorney's fees), which is well above the $75,000 threshold.

a.    Back Pay:  On February 16, 2018, Plaintiff resigned from Gray by abandoning her job.  At the time of Plaintiff's resignation, Plaintiff's average gross weekly

- 2 -

wages were $781.77.[2]   (Exhibit A, ¶ 8).   Sixteen months separate the date of Plaintiff's resignation, February 16, 2018, and the filing of this removal notice.   Further, it is reasonable to add an additional twelve months based conservatively on a trial date that is at least one year out.   *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000) (calculating back pay from the date of termination to the date of trial); *see also Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (concluding that the district court correctly calculated the plaintiff's back pay from the date of his termination to trial); M.D. Fla. L.R. 3.05(c)(2)(E) (providing that cases should be completed in two years, and most in one year).   Back pay, then, equals Plaintiff's hourly wages for twenty-eight months (or 121 weeks).   Thus, Plaintiff's back pay from the date of her resignation through a reasonable proposed trial date is $94,594.17 (121 weeks x $781.77/week).[3]

b.   Front Pay:   If this Court were to calculate a potential award for front pay for one year in the amount of Plaintiff's hourly wage when last employed by Gray, Plaintiff's award for front pay would total approximately $40,652.04 (e.g., 52 weeks x $781.77/week).

c.   Compensatory Damages:   This Court also may consider the compensatory damages sought by Plaintiff when determining jurisdiction.   *See Holley Equip. Co.*, 821 F.2d at 1535; *Awad v. Cici Enter.*, 8:06-CV-1278-T-24TBM, 2006 WL 2850108, at

---

[2] Plaintiff was compensated on an hourly basis.   She earned $16.85 per hour (and earned overtime for hours worked over 40 in a work week at her time-and-a-half rate of $25.275).   Plaintiff typically worked at least 40 hours per work week and worked overtime during most workweeks.   Her average gross weekly wages were approximately $781.77, which is based on her total wages ($19,075.19) divided by 24.4 work weeks.

[3] Gray neither admits that Plaintiff suffered any damages, nor adopts any particular measure of claimed damages.   Gray submits the statements herein and the supporting Declaration of Sharel Bend in order to demonstrate the *potential* amount in controversy for removal purposes only.

PD.26361369.1

*1 (M.D. Fla. Oct. 3, 2006).  When calculating damages for emotional distress in cases like this, where the plaintiff alleges general distress without medical or psychological evidence of emotional pain and suffering (i.e., "garden variety" cases), courts typically will award damages in the range of $5,000 to $30,000.  *City of Delray Beach v. DeSisto*, 197 So. 3d 1206, 1210 (Fla. 4th DCA 2016).

      d.      <u>Punitive Damages</u>:  The FCRA allows prevailing plaintiffs to recover a maximum amount of $100,000 in punitive damages.  § 760.11(5), Fla. Stat.  The Eleventh Circuit has held that courts must consider punitive damages when determining whether a lawsuit can satisfy the amount in controversy requirement.  *Holley Equip. Co.*, 821 F.2d at 1535; *see also Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) ("Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases.").

      e.      <u>Attorney's Fees</u>: Moreover, it is well settled in the Eleventh Circuit that "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."  *Morrison*, 228 F.3d at 1265.  Because the FCRA allows the recovery of reasonable attorney's fees, such fees are included in the amount in controversy calculation.  *See* § 760.11(5), Fla. Stat.

      5.      <u>Timing of Notice of Removal</u>:  Plaintiff served Gray with a summons and a copy of the Complaint on May 20, 2019.  This removal is therefore timely pursuant to 28 U.S.C. § 1446(b), because this Notice of Removal is filed within 30 days of the date on which Gray received Plaintiff's Complaint and a summons in this case.

PD.26361369.1

6.      Jurisdiction:  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity), because Plaintiff is a citizen of the State of Florida, Gray is a citizen of Georgia, and the amount in controversy exceeds $75,000 exclusive of interest and costs.  *See*, *e.g.*, *Williams v. Best Buy Co*., 269 F.3d 1316, 1319-20 (11th Cir. 2001).

7.      Venue:  As stated in the Complaint, the events giving rise to Plaintiff's claims allegedly arose in Sarasota County, Florida.  Therefore, pursuant to 28 U.S.C. § 1391 and Local Rule 3.4(d), venue is proper in the Tampa Division of the United States District Court for the Middle District of Florida.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Gray are attached to this Notice as Composite Exhibit B.


Date:  June 19, 2019.



/s/ Jason A. Pill
Jason A. Pill
 Florida Bar No.: 70284
Julie A. Girard
 Florida Bar. No.: 0124372
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
813-472-7550
813-472-7570 (FAX)
jason.pill@phelps.com
julie.girard@phelps.com

Attorneys for Defendant Gray Television, Inc.

- 5 -

PD.26361369.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 19, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Ronald W. Fraley, Esq.
The Fraley Firm, P.A.
412 East Madison Street
Suite 1213
Tampa, FL 33602
rfraley@fraleylawfirm.com

Attorney for Plaintiff

/s/ Jason A. Pill
Attorney

PD.26361369.1